IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OVERDRIVE, INC., ) | CASE NO. 1:10 CV 2814 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| FOREWORD MAGAZINE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion of Plaintiff, Overdrive, Inc. ("Overdrive") to Remand for Want of Subject Matter Jurisdiction. (ECF #9) In its Motion, Overdrive asserts that its complaint filed in the Court of Common Pleas for Cuyahoga County, Ohio sought a declaratory judgment of the parties' written settlement agreement and did not raise a federal question or ask for damages necessary to provide diversity jurisdiction. Defendant Foreword Magazine, Inc. ("Foreword") contends that Plaintiff's declaratory judgment action asserted a federal claim and satisfied the requirements for diversity jurisdiction. Further, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) arguing that this action is improperly venued under the first to file rule. (ECF #7)

**FACTUAL BACKGROUND**

The parties to this action have a long history of conflict. In April, 2001, Overdrive and Foreword entered into a joint venture. (Complaint, ¶1) At the time that the parties entered their joint venture, Foreword was the registered owner of the domain name "forewordreviews.com"

and Overdrive was the registered owner of the domain name "forwardreviews.com". (Id. at ¶¶2-3)  In 2005 Overdrive initiated an action in the Cuyahoga County Court of Common Pleas, Case No. 568319, captioned *OverDrive, Inc. v. Foreword Magazine, Inc*., seeking an accounting from Foreword and other relief.  (Id. at ¶8) That action was settled in 2006 which resulted in the termination of the joint venture as evidenced by the Settlement Agreement entered by the parties. (Id. at ¶9) As part of the settlement, Overdrive assigned to Foreword all Overdrive's right and interest to the word "Foreword."  (Id. at ¶12).  The Settlement Agreement did not reference Overdrive's rights to the domain name "forwardreviews.com".  (Id. at ¶13)

On October 25, 2010, counsel for Foreword sent a letter to Overdrive claiming that Overdrive's registration of the domain name "forwardreviews.com" constituted cybersquatting piracy as defined by 15 U.S.C. §1121(d) and notified Overdrive of Foreword's intention to file an attached draft complaint in federal court. (Id. at ¶14)

Overdrive notes that the Settlement Agreement between the parties extinguished "any and all claims by and between the parties, including both known and unknown claims, obligations and responsibilities" including "any claims, obligations and responsibilities not known or anticipated which may later occur or be discovered, provided that they arise from any act, omission or occurrence prior to the execution of this Agreement; excepting those claims arising out of this Agreement." (Id. at ¶ 20).

Plaintiff filed its declaratory judgment action in the Court of Common Pleas for Cuyahoga County on November 12, 2010.  In that Complaint, Overdrive "seeks a declaratory judgment as to the rights, status, or other legal relations between the parties arising out of an Agreement by and between the parties".  (Complaint, introductory paragraph) In the final

Wherefore clause, Overdrive "prays that this Court, upon review of the Settlement Agreement and [15] U.S.C. §1125, determine and declare OverDrive's rights and status to the domain name "forwardreviews.com," that OverDrive is the lawful registered owner of the domain name "forwardreviews.com" to the exclusion of Fore Word Magazine, Inc., and that OverDrive's ownership of the domain name "forwardreviews.com" does not constitute cybersquatting piracy under federal law or constitute a violation of any state law; and for recovery of its costs incurred herein." (Complaint, wherefore cl. at p.4).

On November 18, 2010, Defendant Foreword filed a complaint in the Western District of Michigan, Case No. 1:10 CV 1144, alleging that Overdrive has cybersquatted on Defendant's registered trademark under 15 U.S.C. §1125(d), that Overdrive breached the 2006 Settlement Agreement and that Overdrive has undertaken actions that constitute unfair competition under Michigan law.

On December 13, 2010, Overdrive moved to stay the Michigan proceedings based upon the Colorado River Abstention Doctrine. The Magistrate Judge in the Michigan action denied the Motion to Stay, stating that preemptive declaratory judgment actions, like the one filed by Overdrive, are not entitled to deference and that the coercive action, brought by the natural plaintiff is to be preferred. (ECF #12, Ex. P)

Also on December 13, 2010, Defendant Foreword removed Overdrive's declaratory judgment action to this Court. Thereafter, Foreword filed its Motion to Dismiss under the first-to-file rule on December 17, 2010. Overdrive filed it Motion to Remand on December 24, 2010.

At a status conference held on May 5, 2011, counsel for the parties informed the Court that the mediation that had been scheduled in the Michigan action was cancelled and that a

Motion for Summary Judgment has been filed in that action by Foreword.

The Motion to Remand and the Motion to Dismiss have been fully briefed and are ready for decision.

## DISCUSSION

Moving first to Plaintiff's Motion to Remand, a defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private Health Care Systems, Inc*., 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should
> be exercised only when it is clearly established, and any ambiguity
> regarding the scope of §1446(b) should be resolved in favor of
> remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir.1999).

Defendant asserts that its Notice of Removal asserts federal claims. However, it is well settled that a district court has original jurisdiction pursuant to 28 U.S.C. §1331 "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Sixth Circuit explains:

> In the absence of diversity, a defendant may remove a civil action from
> state court to federal court only if the *plaintiff's* allegations establish
> 'original jurisdiction founded on a claim or right arising under' federal
> law. 28 U.S.C. § 1441(b). "To determine whether the claim arises under

> federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses[.]" *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Even "a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal." *Id.* (citations omitted).

*Mikulski v. Centerior Energy Corp*., 501 F.3d 555, 560 (6th Cir. 2007).

In its Opposition to Plaintiff's Motion for Remand, Defendant asserts that its Notice of Removal pleads subject matter jurisdiction under 28 U.S.C. § 1338 because the case concerns claims of cybersquatting under the trademark law of the United States. (ECF #12 at p. 6) While Defendant may have federal counterclaims that it would like to assert, that is irrelevant to the determination of whether Plaintiff's complaint raises a federal question.  Plaintiff contends that its complaint, at its essence requests the state court to interpret a provision of the parties' written Settlement Agreement and to declare whether the mutual release of any and all claims by and between the parties preclude Foreword's new claims. Overdrive notes that the fact that the Complaint mentions the ownership, registration, and maintenance of an internet domain name does not elevate a state law matter into a federal case.  A complaint that invokes state law and mentions federal law does not provide a basis for arising under federal jurisdiction. *Warthman v. Genoa Twp. Bd of Trustees*, 549 F.3d 1055, 1063 (6th Cir. 2008).

While Plaintiff's complaint primarily seeks a  "declaratory judgment as to the rights, status, or other legal relations between the parties arising out of an Agreement by and between the parties," the Wherefore clause specifically asks that the court "review the Settlement Agreement and 11 [15] U.S.C. §1125, determine and declare OverDrive's rights and status to the domain name "forwardreviews.com," that OverDrive is the lawful registered owner of the domain name "forwardreviews.com" to the exclusion of Fore Word Magazine, Inc., and that

OverDrive's ownership of the domain name "forwardreviews.com" does not constitute cybersquatting piracy under federal law..." Thus, while Plaintiff's may primarily desire an interpretation of the Settlement Agreement, specifically the releases, the complaint also directly seeks a declaration under a federal statute and federal law. Accordingly, Plaintiff's complaint arises under federal law and its Motion to Remand must be denied.

Moving on to Defendant's Motion to Dismiss, Defendant moves to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. While Defendant does not appear to argue that venue is improper in this district, it contends that the Western District of Michigan is a better venue. Specifically, Defendant contends that it was the first to file in federal court since its lawsuit was filed in the Western District of Michigan almost one month before Plaintiff's declaratory judgment action was removed to this Court. Thus, under the "first-to-file rule" the Michigan action, which involves substantially the same parties and issues, should proceed to judgment. See *SPEC Int'l, Inc., v. Patent Rights Prot. Group, LLC*, 2009 WL 736826 (W.D. Mich. Jan.9, 2009). As the Sixth Circuit explains:

> The first-to-file rule, while not frequently discussed by this Court, is a "well-established doctrine that encourages comity among federal courts of equal rank." *AmSouth Bank v. Dale,* 386 F.3d 763, 791 n. 8 (6th Cir.2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.,* 16 Fed.Appx. 433, 437 (6th Cir.2001) (unpublished)) (emphasis altered). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.' " *Zide Sport Shop,* 16 Fed.Appx. at 437 (quoting *In re Burley,* 738 F.2d 981, 988 (9th Cir.1984)) (emphasis added). However, "the first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment." *AmSouth Bank,* 386 F.3d at 791 n. 8. As we have previously explained:
>
>> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one

6

>                    who files first, does *not* have a right to bring a declaratory
>                    judgment action in the forum of his choosing. Factors that
>                    weigh against enforcement of the first-to-file rule include
>                    extraordinary circumstances, inequitable conduct, bad faith,
>                    *anticipatory suits, and forum shopping.*

>      *Zide Sport Shop*, 16 Fed.Appx. at 437 (internal citations omitted)
>      (emphasis added).

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-552 (6th Cir. 2007). While Plaintiff's declaratory judgment action was filed first in Ohio state court, it was removed to this Court after the Defendant filed its coercive action in the Western District of Michigan. The first to file rule only applies to actions filed in separate federal courts of like jurisdiction. Thus, in this case Defendant is the first to file even though it did not file the declaratory judgment action. The Michigan action filed by Defendant asserts claims that Plaintiff has cybersquatted upon Defendant's registered trademark under 15 U.S.C. § 1125(d), that Plaintiff breached the 2006 Settlement Agreement, and that Plaintiff has undertaken actions that constitute unfair competition under Michigan law. Thus, the Settlement Agreement and the releases therein are plainly at issue in the Michigan action. Moreover, the Michigan action is at the summary judgment phase, well in advance of the status of the action before this Court. As coercive actions are generally preferred over "race to the courthouse" declaratory judgment actions, there is no equitable factor which would weigh against enforcement of the first to file rule in this instance. Important interests in comity between federal courts of equal rank as well as conservation of judicial and party resources weigh in favor of dismissing the pending action. Accordingly, Defendant's Motion to Dismiss is granted. (ECF #7)

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #9) is DENIED. Defendant's Motion to Dismiss (ECF #7) is GRANTED.

IT IS SO ORDERED.

                                           _/s/Donald C. Nugent_
                                           DONALD C. NUGENT
                                           UNITED STATES DISTRICT JUDGE

DATED:  May 11, 2011